**BOARD OF ADJUSTMENT and City of Corpus Christi, Appellants.**

v.

**C. C. UNDERWOOD, Appellee.**

No. 13552.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 3, 1960.

Rehearing Denied March 3, 1960.

I. M. Singer, City Atty., John A. Waller, Asst. City Atty., Corpus Christi, for appellants.

McDonald, Spann & DeAnda, Corpus Christi, for appellee.

PER CURIAM.

City of Corpus Christi and its Board of Adjustment have appealed from a declaratory judgment which held that real estate and insurance businesses were home occupations as that term is defined by the city's zoning ordinance.

C. C. Underwood resides in a one-family dwelling district in Corpus Christi, which is the highest use provided by the ordinance. He commenced operating a real estate and insurance business in the den of his private home. He erected a sign on the premises which was six by eight inches in size and stated, "Walk in, Office Hours 8:30 to 4:30." Underwood's neighbors protested this use and claimed it was in violation of the ordinance. Underwood relies upon the authority of the zoning ordinance which permits "Home Occupations" in a one-family dwelling district and defines that phrase as:

"Home Occupations: Any occupation or profession engaged in by the occupants of a dwelling not involving the conduct of a retail business, and not

including any occupation conducted in any building on the premises excepting the building which is used by the occupant as his or her private dwelling. Home occupations shall include, in general, personal services such as furnished by an architect, lawyer, physician, dentist, musician, artist, and seamstress, when performed by the person occupying the building as his or her private dwelling and not including a partnership or the employment of more than one *assistance* in the performance of such services."

Underwood applied to the Board of Adjustment for a permit to operate an insurance office, after his neighbors protested, and the city ordered him to cease and desist. The Board refused the permit and Underwood appealed to the District Court and asked for a declaratory judgment to construe the definition of the term "Home Occupations." Art. 2524–1, Vernon's Ann. Tex.Civ.Stats. The trial court held that such real estate and insurance business is an occupation which constitutes personal services as contemplated in the zoning ordinance, but that at the time of the hearing before the Board Underwood employed more than the permitted number of persons. The judgment recited that Underwood did not operate a retail business, that he used only his private dwelling, that he did not operate as a partnership, and at the time of the trial he did not employ more than one assistant. Accordingly, the court construed his operations as "Home Occupations" permitted by the zoning ordinance.

City first urges that the district court was limited in its power of review of the administrative decision, because the zoning ordinance delegated to the Adjustment Board the power to classify disputed occupations. The ordinance established a Board of Adjustment and empowered it "To hear and decide special exceptions to the terms of the Ordinance." In specific cases, the Board, after notice and hearing, could authorize special exceptions. The ordinance then enumerated the several classes of ex-

ceptions it might consider, and among them was the power "To determine in cases of uncertainty the classification of any use not specifically named in this Ordinance." Because of this delegation of power, city reasons that a court may not interfere with the administrative decision in the absence of arbitrary, capricious or discriminatory action.

Article 1011g, Vernon's Ann.Tex. Civ.Stats., authorizes a review of decisions of the Board of Adjustment when the complaint is that the decision is illegal. The problem, therefore, is the determination of the nature of the review authorized. If the purpose of the review of the Board's action is to examine the facts, then, before there is illegality, the Board must have violated the substantial evidence rule. The substantial evidence rule presents a question of law, and its violation would be an instance of illegality. Southern Canal Co. v. State Board of Water Engineers, Tex., 318 S.W.2d 619, 623, 624. Upon the basis of the facts, the court did not violate the substantial evidence rule. The Board's conclusions that Underwood was operating a real estate and insurance office are supported by the facts, and this is admitted by Underwood. That he was using too many employees at the time of the Board hearing is also admitted. These facts are not disturbed by the trial court. The substantial evidence rule is not the point in the case. The point in this case is one of construing and interpreting the ordinance definition of "Home Occupations." This is a question of law. Associated Indemnity Corp. v. Oil Well Drilling Co., Tex.Civ.App., 258 S.W. 2d 523; Board of Adjustment v. Stovall, Tex.Civ.App., 218 S.W.2d 286. Faced with a decision, an administrative board may exercise its administrative judgment or discretion in interpreting an applicable law. The courts, however, are not bound by an administrative construction of the law. Brannan v. Stark, 87 U.S.App.D.C. 388, 185 F.2d 871; Social Security Board v. Nierotko, 327 U.S. 358, 368, 66 S.Ct. 637, 90 L.Ed. 718. The problem of interpreting an ordinance

or statute is also a law problem, though a different one from the law problem presented by the substantial evidence rule. A court may review a Board's construction or interpretation of an ordinance or statute.

■■■ City argues also that the ordinance delegated legislative powers to the Board, that it had the power in cases of uncertainty to legislate after a dispute arises, about uses not specifically named in the ordinance. We do not so understand the ordinance. The ordinance empowers the Board "to determine" the cases of uncertainty. In other words, it may make an original decision or adjudicate, as of course it must, when it is called upon for a decision. But the power "to determine" a specific case is not the power to make and promulgate new and ex post facto legislation. The Board is granted the power "to determine", but on appeal the court may exercise its judicial powers over the law question, and it too may decide or "determine" the law dispute. Article 1011g authorizes judicial review over the Board's illegal decisions. When the Board's determination of the meaning of the words of an ordinance is legally wrong, the statute authorizes a review by the court. Instead of ousting the court of jurisdiction to review administrative constructions of the law, the statute authorizes a review. Instead of authorizing the Board to write words into or out of and to change the zoning ordinance by new and general legislation after a dispute arises, it merely gives the Board the power to make a decision about the existing ordinance, subject to review as permitted by Article 1011g. City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229; Harrington v. Board of Adjustment, Tex.Civ. App., 124 S.W.2d 401, 404; Washington Tp. of Nemaha County v. Hart, 168 Kan. 650, 215 P.2d 180, 185; accord, 101 C.J.S. Zoning §§ 208, 209, 275.

■■■ We, therefore, review the Board's construction of the definition. Does the ordinance as written permit a real estate and insurance business? The trial court holds that it does, so long as no more than one assistant is used. In Board of Adjustment of City of San Antonio v. Levinson, Tex.Civ.App., 244 S.W.2d 281, this Court held that a beauty parlor was not permitted in an apartment district within the definition of "Home Occupations" as used in the San Antonio Zoning Ordinance. There are, however, marked differences between the definitions of that term in the San Antonio and the Corpus Christi ordinances. The definition given "Home Occupations" by the Corpus Christi ordinance is much broader in its scope than that construed in the Levinson case. We observe that it is unlike other definitions which have been held to exclude real estate and insurance businesses. For example, "Home Occupations" are not limited to professions, nor to what is customary. The ordinance does not exclude "commercial" enterprises. The Corpus Christi ordinance speaks instead of "Any occupation or profession." "Any" means all. Hime v. City of Galveston, Tex. Civ.App., 268 S.W.2d 543; Motor Cargo, Inc. v. Board of Township Trustees, Ohio Com.Pl., 117 N.E.2d 224. This suggests that it contemplates not only vocations other than purely professional, but "any" occupation, subject to other limitations in the ordinance which will assure that the occupation is purely accessory. The first limitation is that the occupation must not be a retail business. Some vocations are retail businesses; others are not. Professions, however, are not businesses and are not retail in nature. The presence of this descriptive feature suggests that it contemplates vocations other than professional, so long as they are not retail businesses. The definition next limits the performance of the occupation to the very building in which the occupant dwells.

The next sentence describes and illustrates the term further. We construe that sentence in the setting of the broad purposes already expressed. As the ordinance provides, it shall "include", "in general," "personal services such as furnished by" certain named illustrations, and is not,

therefore, complete but contemplates other personal services. The fact that it includes the personal services named as illustrative of the class intended is evidence that it was not intended to exclude similar personal services falling within the class "in general." Even when we apply the ejusdem generis rule to the personal services illustrated, we observe that the named illustrations include not only professions but also non-professional occupations. The class, therefore, contemplates a broad range of personal services, much broader than that intended in the Levinson case. The ordinance then protects the neighborhood from any abuses of the very broad class by requiring that the occupation or profession be performed by the person who occupies the building as his private dwelling, not as a partnership, and employing no more than one assistant.

We find, therefore, that this ordinance more broadly states the permitted home occupations, both in its general provisions, and in its illustrations of the class. This broader statement of permissive uses is then limited by other specific provisions which retain the character of the building as a home instead of a business. Underwood met those requirements. In this context of the whole definition, the trial court correctly declared that the ordinance permits real estate and insurance occupations so long as the other requirements are not violated. 2 Sutherland Statutory Construction, § 4703.

■ City also argues that the ordinance intended to exclude real estate and insurance occupations from residential sections, since by another section of the ordinance a real estate field office is permitted for one year, while a subdivision is being developed, relying upon the rule of expressio unius est exclusio alterius. The reasoning is not valid since the ordinance in directing that a field office is permitted is not speaking of a home occupation at all. The two ordinances relate to different things. The field office is unlimited as to numbers of sales agents, as to partnership arrangements, as well as other matters. Of course, a field office, or a general real estate office is prohibited in a one-family dwelling district, but that is not the problem. Our problem is the very different one of "Home Occupations." 50 Am.Jur., Statutes, § 245.

■ Complaint is made that the trial court improperly struck certain findings of fact and conclusions of law prepared and filed in the District Court by the members of the Board after the petition for certiorari was filed. The Supreme Court has indicated that such matters are not improper. City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67. However, the court's ruling which excluded the findings and conclusions was harmless. We note that none of the evidence before the Board was excluded. The Board's sworn conclusions were not the evidence they considered, but their conclusions from the evidence. In the absence of such findings, we would deem as found all findings which would support their decision that the operation was not a home occupation.

■ In testing the decision of the administrative board, the court does not take the Board's decision or its conclusions as facts, but looks to the facts themselves as presented before the court to determine whether the conclusion is supported by substantial evidence. In the hearing before the trial court, the court considers matters presented to the court. Those matters may or may not include the evidence heard before the Board, but are not limited to that record. Cook Drilling Co. v. Gulf Oil Corporation, 139 Tex. 80, 161 S.W.2d 1035; Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022. Since the judgment of the court must be based on the evidence heard by the court in determining the issue, i. e., whether or not the Board's conclusions were supported by substantial evidence, the conclusions of the Board did not, in themselves, add anything of evidentiary value and their exclusion was harmless.

The judgment is affirmed.