The STATE of Texas for the Use and Benefit of EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY of Wisconsin, Appellant,

v.

UNITED BONDING INSURANCE COMPANY, Appellee.

No. 11726.

Court of Civil Appeals of Texas, Austin.

Feb. 4, 1970.

Sorrell, Anderson, Sorrell & Atwill, James H. Atwill, Corpus Christi, for appellant.

Sneed, Vine, Wilkerson & Selman, Forrest N. Troutman, Austin, for appellee.

O'QUINN, Justice.

This case involves the construction of the Texas Motor Vehicle Safety-Responsibility Act in its application to the effort of a subrogee of one vehicle owner to obtain redress from the surety on a security bond of another owner growing out of an automobile accident in which property damage was sustained by the first owner.

The subrogee insurance company was denied recovery by the trial court on a

finding that the company was "not a judgment creditor as defined by the * * * Act * * * and as defined by the Rules and Regulations adopted thereunder by the Texas Department of Public Safety * *"

We reverse the judgment of the trial court and render judgment for appellant.

The automobile accident giving rise to this suit occurred in Nueces County on March 31, 1965, between a motor vehicle owned by The Xerox Corporation and an automobile owned and operated by George J. Panas. The Xerox vehicle was insured against collision loss by appellant. Appellant paid for the damage to its insured's vehicle, and then brought suit against Panas under its subrogation rights. Appellant obtained judgment against Panas on December 14, 1967, in the amount of $229.-68, together with court costs of $18.10.

Shortly after the accident in 1965, the Department of Public Safety notified Panas that if he was without liability insurance, he should file security bond in the amount of $350 for protection of any person who might recover judgment against him as a result of the accident. Panas purchased the bond from appellee, and filed the bond with the Department of Public Safety to avoid suspension of his driving privileges. After obtaining judgment against Panas, appellant learned from the Department of Public Safety that the bond had been filed.

Appellee, as surety on the bond, advised appellant that claim under the bond would be resisted on the ground that the bond had been written pursuant to section 24 of Article 6701h, the Motor Vehicle Safety-Responsibility Act (Acts 1951, 52nd Leg., p. 1210, ch. 498, as amended), for the benefit of "judgment creditors", and that appellant as a subrogee did not qualify as a judgment creditor under construction of the statute given by the Department of Public Safety.

The suit in which this appeal is before us was brought in Travis County against appellee to collect the amount of the Nueces County judgment on the bond Panas bought from appellee and filed with the Department of Public Safety. In the trial before the judge of the County Court at Law No. 2 it was agreed that the sole question involved was whether a subrogee in position of appellant qualified as a judgment creditor under the statute, enabling appellant to recover against appellee as surety on the Panas bond.

The trial court heard the testimony of the attorney and the manager of the safety responsibility bureau of the Department of Public Safety and found that appellant "is not a judgment creditor as defined by the Safety Responsibility Act * * * and as defined by the Rules and Regulations adopted thereunder by the Texas Department of Public Safety * * *" The court entered judgment that appellant take nothing.

Appellant brought this suit specifically under section 24, subdivision (b), of Article 6701h, Vernon's Ann.Tex.Civ.St. which we quote:

"(b) If a judgment, rendered against the principal on such real estate bond, shall not be satisfied within sixty (60) days after it has become final, *the judgment creditor may, for his own use and benefit* and at his sole expense, *bring an action or actions in the name of the State against the persons who executed such bond,* including an action or proceeding to foreclose any lien that may exist upon the real estate of a person who has executed such bond, which foreclosure action shall be brought in like manner and subject to all the provisions of law applicable to an action to foreclose a mortgage on real estate." (Emphasis added)

Under section 2(a) of Article 6701h, the Department of Public Safety is charged with administering and enforcing the statute and "* * * may make rules and regulations necessary for its administration * * *" Pursuant to this authority, the

department has filed certain rules and regulations with the Secretary of State. Rule Number 23 provides:

> "No final judgment is acceptable for filing under the provisions of the Act where same does not result in an action at law between owners, operators or injured persons involved, arise out of an accident occurring on a 'Highway' as defined in Section 1, Subdivision 1 of the Act."

The attorney for the safety responsibility bureau testified that the interpretation of the statute adopted under Rule 23 was controlled by the definition of "judgment" found in the statute. The statute defines "judgment" as

> "Any judgment which shall have become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, for damages, including damages for care and loss of services, because of bodily injury to or death of any person, or for damages because of injury to or destruction of property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages." (Article 6701h, sec. 1, par. 2)

Because the statutory definition requires a judgment to be "upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, for damages * * *" the attorney testified that the departmental policy under Rule Number 23 excluded claims made under subrogation or assignment. In this connection, the attorney testified as set out:

> "Q All right. So if the insurance company pays the damages, then they haven't suffered damages?

> A They have lost a claim, I agree, but as far as suffering damages, no.

> Q Well, haven't they suffered damages arising out of the automobile accident?

> A They have been compensated for their insurance through premiums, and this is part of their contract."

Upon further interrogation, the attorney testified that in cases in which suit was brought in the name of the insured, even if pursuant to a subrogation provision in the insurance policy, the Department of Public Safety did "not go behind the record to find out otherwise."

The manager of the safety responsibility bureau testified that the Department of Public Safety consistently took the position that in order to be recognized as a judgment creditor the claimant must be either the owner or the driver of a vehicle involved, or someone who was injured, in an automobile accident. He testified that the department interpreted the statute as not set up for the benefit of the insurance company or bonding company writing collision insurance which either by subrogation or assignment became owner of a judgment. To follow the contrary policy, the manager testified, "* * * would * * * place the Department in the position of being a collection agency for insurance companies and others to collect their losses for insurance or something * * * [which] * * * would be quite unwieldy, and the intent of the law doesn't seem to be in that direction * * *"

The policy of the department not to go behind a judgment brought in the name of the insured was further stated by the manager in the following testimony:

> "Q Now, Mr. Ferguson, in the event— say, for example, in this case that we are here on today, if the insurance company had brought the suit in the name of the insured rather than bringing the suit in

their own name, would they then be entitled to the enforcement of the provisions of the Safety Responsibility Act?

A Yes, sir, because the person involved in this case would be a part of the judgment. He would be a judgment creditor at that time because he is named in the judgment, and it would include him.

Q Would this also be true even if the Department were made aware of the fact that the real party in interest was the insurance company rather than the insured?

A Now, this is somewhat a legal question that—if I understand you, you are trying to bring out the thought that in the event we were advised that the owner was not included, that he would just be named as a party, we would still go ahead and act. Is that what you are saying?

Q Yes, sir. Because of the fact that the judgment reflects that the plaintiff is the individual and not the insurance company?

A I don't see how the Department, under the interpretation as given, could avoid this since he is named as a part of the judgment. As long as he is named in the judgment, I don't see how we can avoid this under the interpretatoin given, although we haven't had a great deal of discussion about this. But I think this would be correct."

 The rule is well established in Texas that "contemporaneous and practical construction of a statute by those whose duty it is to carry it into effect is entitled to great respect in the courts." Neubert v. Chicago, R. I. & G. Ry. Co., 116 Tex. 644, 296 S.W. 1090, 53 A.L.R. 1224. An administrative agency may use its discretion in interpreting an applicable statute, but the courts are not bound by such administrative construction, may review the interpretation arrived at by the agency, and if found legally wrong, may in the exercise of judicial powers overturn the construction administratively applied. Board of Adjustment v. Underwood, 332 S.W.2d 583 (Tex.Civ.App., San Antonio, 1960, writ ref. n. r. e.).

 We do not regard the statute as ambiguous or obscure in defining "judgment" as one "rendered * * * upon a cause of action arising out of the *ownership, maintenance or use of any motor vehicle * * *"* and in the application of such description to a vehicle owned, maintained, or used by the person against whom the judgment is obtained. To hold contrary would be to exclude from benefits of the statute pedestrians, bicyclists, riders of animals, drivers of animal-drawn vehicles, and others injured on the highways not themselves at the time owning, maintaining, or using a motor vehicle. It follows that any person having a cause of action and subsequently securing a judgment against a defendant upon a cause of action arising out of the defendant's ownership, maintenance, or use of a motor vehicle on the highways becomes a judgment creditor under the statute.

We find no language in the statute indicating that the legislature intended to exclude subrogees and assignees from provisions of the Act. With respect to the filing of a bond to establish financial responsibility, the statute declares that the "* * * bond shall constitute a lien * * * upon the real estate so scheduled of the surety, which lien shall exist *in favor of any holder of a final judgment against the person who has filed such bond * **" (Article 6701h, sec. 24(a)). (Emphasis added) The bond made by Panas, presumably on a form prescribed by the department, states that the principal and the surety "* * * are firmly bound * * * in the sum of $350 * * * *for the benefit of any person who shall recover a judgment against the principal for damages arising out of the accident * * **" (Emphasis added)

The courts have found that the purpose and intent of the legislature in enacting Article 6701h was to promote safe driving practices and to require all owners and operators of motor vehicles using the highways " * * * to discharge their financial responsibility to others for damages to persons or property occasioned by the exercise * * * of the privilege or license of using the public highways * * " Gonzalez v. Texas Department of Public Safety, 340 S.W.2d 860 (Tex.Civ.App., El Paso, 1960, no writ).

It was also the legislative intent in Article 6701h " * * * to protect the public from judgment proof negligent drivers by requiring security of owners and operators of motor vehicles following accidents and injuries to others * * * " Home Indemnity Company v. Humble Oil & Refining Company, 314 S.W.2d 861 (Tex.Civ.App., Dallas, 1958, writ ref. n. r. e., opinion 159 Tex. 224, 317 S.W.2d 515). As pointed out by the court in that case, the caption of the statute declares that it is an Act " * * * to encourage safer use of motor vehicles * * * and to deny the privilege to reckless and financially irresponsible persons by requiring security of owners and operators of motor vehicles following accidents and by providing for proof of financial responsibility for the future * * * "

From the testimony of the manager of the safety responsibility bureau it was made clear that, under the current policy of the Department of Public Safety, the surety of an irresponsible driver causing damage on the highways in collision with a person covered by insurance will escape payment for the damages if the injured person's insurance company pays the insured victim and then brings suit against the offending driver in the company's name.

We agree with appellant, as stated in its brief, that under such circumstances,

"The irresponsible party has evidenced his carelessness on the highways and, therefore, should be prevented from fu-

ture use of the highways until he demonstrates his willingness and ability to compensate parties injured by his recklessness. However, because an irresponsible party is fortunate enough to cause damage to an insured party, he is able to escape the sanctions imposed by the Safety Responsibility Act, and is allowed to defeat the purposes of the Act with the aid of the very agency designated to enforce the Act."

We hold that Rule 23 is inconsistent with the provisions of Article 6701h and that the rule is therefore void.

The judgment of the trial court is reversed and judgment is here rendered for appellant in the amount of $229.68, together with interest and costs.