**PENSION BOARD OF the POLICE OFFI-CERS PENSION SYSTEM OF the CITY OF HOUSTON, Texas, Appellant,**

v.

**Alice B. COLSON, Appellee.**

**No. 7454.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 1, 1973.

Rehearing Denied March 29, 1973.

Wm. A. Olson, City Atty., F. William Colburn, Alan F. Levin, Asst. City Attys., Houston, for appellant.

Knipp & Sedgeley, Houston, for appellee.

KEITH, Justice.

The appeal involves only a question of interpretation of a statute, Art. 6243g—1, § 13(a), Vernon's Ann.Civ.St., and an abbreviated statement of the facts will suffice to place the dispute in focus.

Otis Lee Colson was a policeman employed by the City of Houston for many years prior to his retirement in 1959. He was eligible for pension benefits under the law from the pension fund and such payments were begun in 1959 and continued throughout the remainder of his life. After his retirement, he married the plaintiff below (our appellee) in 1960, and the parties continued to live together as man and wife until Mr. Colson died in 1968. Immediately after his death, Mrs. Colson made application to the Pension Board for the pension she claimed to be due her as the surviving spouse of Otis Lee Colson. This application was denied and she appealed to the District Court of Harris County.

For all practical purposes, the case was tried upon an agreed statement of facts, and judgment was entered for Mrs. Colson and against the Pension Board from which it has duly perfected an appeal.

Appellant devotes a large part of its brief to a discussion of the substantial evidence rule of procedure, reminding us that our only duty is to determine if substantial evidence supported the order of denial and that we lack authority to review the sufficiency of the evidence. We recognize the rule governing our review. Board of Firemen's Relief & Retirement F. Tr. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 183, 27 A.L.R.2d 965 (1951), and the long line of cases which has followed.

However, the only question presented by this record is one of law, the interpretation of a statute. This is a judicial function and one properly within our jurisdiction. In Gregg v. Delhi-Taylor Oil Corp., 162 Tex. 26, 344 S.W.2d 411, 415 (1961), the court was concerned with the question of primary jurisdiction of administrative agencies; and, although we are not concerned with that specific problem, the language there used is applicable to our case:

"The questions presented are primarily judicial in nature. Where the issue is one inherently judicial in nature (as we think the question of trespass is), the courts are not ousted from jurisdiction

unless the Legislature, by a valid statute, has explicitly granted exclusive jurisdiction to the administrative body. The Legislature has not attempted to do so here, and we have no question as to the constitutionality of such a delegation."

The rule so established has been extended to situations other than trespass. See, e. g., Foree v. Crown Central Petroleum Corporation, 431 S.W.2d 312, 316 (Tex. 1968); and State v. Harrington, 407 S.W.2d 467, 474 (Tex.1966).

■ Administrative determination of questions of law are, generally speaking, subject to judicial review and the court may substitute its own judgment as to the law. Brown v. Humble Oil & Refining Co., 126 Tex. 296, 83 S.W.2d 935, 944–945, 99 A.L.R. 1107 (1935).

In Board of Adjustment v. Underwood, 332 S.W.2d 583, 585–586 (Tex.Civ.App., San Antonio, 1960, error ref. n. r. e.), the court addressed itself to the specific question which we have in this case, saying:

"The substantial evidence rule is not the point in the case. The point in this case is one of construing and interpreting the ordinance definition of 'Home Occupations.' This is a question of law. Associated Indemnity Corp. v. Oil Well Drilling Co., Tex.Civ.App., 258 S.W.2d 523; Board of Adjustment v. Stovall, Tex. Civ.App., 218 S.W.2d 286. Faced with a decision, an administrative board may exercise its administrative judgment or discretion in interpreting an applicable law. The courts, however, are not bound by an administrative construction of the law. Brannan v. Stark, 87 U.S. App.D.C. 388, 185 F.2d 871; Social Security Board v. Nierotko, 327 U.S. 358, 368, 66 S.Ct. 637, 90 L.Ed. 718. The problem of interpreting an ordinance or statute is also a law problem, though a different one from the law problem presented by the substantial evidence

rule. A court may review a Board's construction or interpretation of an ordinance or statute."

The rule was amplified in State v. United Bonding Insurance Company, 450 S.W.2d 689, 692 (Tex.Civ.App., Austin, 1970, no writ):

"An administrative agency may use its discretion in interpreting an applicable statute, but the courts are not bound by such administrative construction, may review the interpretation arrived at by the agency, and if found legally wrong, may in the exercise of judicial powers over-turn the construction administratively applied."

There being no disputed facts and the interpretation of the involved statute being within the jurisdiction of this court, we are of the opinion that the appellant Board was legally wrong in its interpretation thereof and the trial court's interpretation was correct; hence, we affirm the judgment.

The particular section with which we are concerned appeared as § 12 of the original Act and provided, in substance, that when a member "shall die . . . and shall leave surviving a widow . . . said Board shall order paid a monthly allowance . . . To the widow." Acts 1947, 50th Leg., p. 124, ch. 76, § 12. In 1967, the Act was amended and the foregoing provisions were incorporated into § 13 of the present statute codified as Art. 6243g—1, § 13(a),[1] the pertinent provisions of which read as follows:

"If any member of the police department who has retired on allowance because of length of service . . . dies from any cause whatsoever . . . after he has become entitled to an allowance or pension . . . and leaves surviving a spouse to whom the member was married prior to his death or retirement . . . the Board shall order paid a monthly allowance . . . to the spouse

---

1. All statutory references, other than to the session laws, are to the codification which appears in Vernon's Annotated Civil Statutes.

. . . . " Acts 1967, 60th Leg., p. 528, ch. 232, § 1.

■ In essence, it is the Board's contention that since Mrs. Colson became a widow only upon the death of Mr. Colson, the only language in the 1967 amendment which could be operative was the phrase "to whom the member was married prior to his . . . retirement." Mrs. Colson, on the other hand, says that the amendment is clear and requires the Board to grant her the allowance since she was married to the member "prior to his death *or* retirement."[2] Neither party favors us with authorities precisely in point in determining the dispute.

A survey of some of the pension articles indicates that the Legislature has adopted varying restrictions upon the rights of a widow and the only conclusion that can be drawn is that each particular pension plan is slightly different from the others. We recount, at this point, a few of the varying provisions.

In the case of Firemen's Relief Pension Fund applicable to cities of 1,200,000 or more, benefits shall be paid only to a surviving widow "who married such fireman prior to his retirement." Art. 6243e, § 7C(b)(3), as amended by Acts 1971, 62nd Leg., p. 869, ch. 107, § 3.

In the case of Firemen and Policemen Pension Fund in cities of more than 275,000 and less than 300,000, the benefits are payable to the widow, but there is a sentence found therein which reads: "No widow or child of any such member resulting from any marriage contracted subsequent to the date of retirement of said member shall be entitled to a pension under this law." Art. 6243b, § 9. This precise language was contained in the original bill. Acts 1933, 43rd Leg., 1st C.S., p. 279, ch. 101, § 9.

In the case of Firemen and Policemen's Pension Funds in cities of 500,000 to 750,000, the payment of benefits to widows of deceased members is limited by this language: "No widow resulting from any marriage subsequent to the date of the retirement of said member shall be entitled to a pension under this Act." Art. 6243f, § 11. This language was a part of the original enactment when the statute was applicable to cities in a population bracket of 200,000 to 293,000. Acts 1941, 47th Leg., p. 134, ch. 105, § 12.

We are not impressed with Board's argument which would require drastic surgery upon the statute. We note preliminarily that in Davis v. Peters, 224 S.W.2d 490, 493 (Tex.Civ.App., Eastland, 1949, no writ), the court concluded that a similar Act, Art. 6243f, was to be liberally construed, saying:

"The purpose of the Act is to provide a pension plan for the type of city employee named. This purpose should not be defeated by a narrow and technical construction of the Act. On the contrary, a liberal, broad interpretation of the Act should be indulged to accomplish the end sought to be attained."

See also, Collins v. Board of Firemen, Policemen, etc., 290 S.W.2d 719, 723 (Tex. Civ.App., Waco, 1956, error ref. n.r.e.); 62 C.J.S. Municipal Corporations § 588d, p. 1195 (1949).

The result sought by the Board could be reached if we should, by the process of conversion, change the word "or" as it appears in the statute to "and" so that the pension would be payable to the spouse "to whom the member was married prior to his death *and* retirement." This is impermissible. Board of Insurance Com'rs v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906, 908 (1944).

■ This language from Col-Tex. Refining Co. v. Railroad Commission of Texas, 150 Tex. 340, 240 S.W.2d 747, 750 (1951), is peculiarly applicable here:

"The language [of the statute] appears to us to be plain and unambiguous and

---

2. All emphasis herein has been supplied unless otherwise indicated.

its meaning clear and obvious. We can only enforce the statute as written and have no right to create or to find an ambiguity where none exists in order to call into play generally recognized rules which are used as aids to the construction of ambiguous statutes."

See also, Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98, 100 (1952).

 If the Legislature intended to deny a widow a pension because she married the member after his retirement, it had but to express itself as it had done upon several occasions as pointed out earlier.[3] "It is for the Legislature and not the courts to remedy defects or supply deficiencies in laws, and to give relief from unjust and unwise legislation." Board of Insurance Com'rs v. Guardian Life Ins. Co., supra (180 S.W.2d at 909). The only proper function of the court is to declare and enforce the law as made by the Legislature without regard to the policy or wisdom of the act or the results it may entail. Gaddy v. First Nat. Bank, 115 Tex. 393, 283 S.W. 472, 474 (1926).

Finding no error in the proceedings below, the judgment of the trial court is in all things affirmed.

STEPHENSON, Justice (dissenting).

I respectfully dissent. Even though my sympathy lies with any widow attempting to recover pension funds, in my opinion the majority have not properly construed the statute in question.

The statute which preceded the one under scrutiny here had no provision requiring a widow to have been married prior to the member's retirement. In 1967, upon adoption of the present law, the new requirement was added "prior . . . to retirement." If the Legislature did not intend the amended statute to mean that the widow had to marry the member before retirement, then the amendment had no purpose.

The majority states the word "or" between the words "death" and "retirement" allows the widow to recover if she was married to the member either before he retired or before his death. I do not follow the logic of such an argument. If that had been the intention of the Legislature, then it could have left the statute as it was before the amendment of 1967 and simply provided that the widow would recover if she was married to the member before his death.

A more reasonable construction of the statute, in my opinion, is that this section of the Pension Act is making provision for three separate categories: (1) A member who has retired and dies from any cause. (2) A member who is still active, although he has earned retirement and dies from any cause. (3) A member who is still active and not entitled to retirement and dies from a service-connected cause. The "prior to . . . retirement" provision could not apply to categories (2) and (3) as the member has not retired. It could only apply to category (1) and that is the obvious reason for its inclusion in the statute.

3. We may look to the same or similar term used in the same connection in different statutes. Texas Bank & Trust Co. v.

Austin, 115 Tex. 201, 280 S.W. 161, 162 (1926).