Honorable Tim Curry Criminal District Attorney Tarrant County Courthouse Fort Worth, Texas 76102
Re: Whether a commissioners court or a board of district judges may limit the services of a county domestic relations office to persons having a particular income
Dear Mr. Curry:
You ask us the following two questions:
 1. Does the Tarrant County Commissioners Court or the board of district judges of Tarrant County have the authority under article 5142a-1, V.T.C.S., to limit the services of the Tarrant County Domestic Relations Office to those citizens having an income which does not exceed a dollar figure to be determined by the commissioners court?
 2. In the alternative, may a graduated application fee be implemented which would be based on the income of those persons seeking to utilize the services of the Domestic Relations Office, as is the practice of the Tarrant County Hospital District? We answer both of your questions in the negative.
Article 5142a-1, V.T.C.S., provides for the establishment by a commissioners court of a Domestic Relations Office administered either by the juvenile board of a county or multicounty area or otherwise as provided by the commissioners court. V.T.C.S. art. 5142a-1, §§ 1, 2(a). The statute further provides for the continued operation of any already existing domestic relations offices. Sections 3 and 4 of the act set forth the duties imposed upon, and additional services provided by, such domestic relations offices. Section 5 permits certain courts to order that court ordered payment for child support be made to the domestic relations office. Section 6 governs the fees and costs which may be charged. Section 6 of article 5142a-1, V.T.C.S., provides the following:
Sec. 6. (a) If a domestic relations office is in existence prior to or is established pursuant to this article, the commissioners court may authorize one or more of the following:
 (1) A fee not to exceed $5 on the filing in the county of each suit for the dissolution of a marriage and each suit affecting the parent-child relationship. Such fee shall be paid as other costs in the suit and collected by the clerk of the court.
 (2) The assessment of attorney fees and court costs incurred by the domestic relations office in enforcing an order for child support or visitation against the party found to be in violation of the order.
 (3) An application fee to be charged to persons seeking services from the domestic relations office.
 (4) A monthly charge of up to $1 per month to be paid by each managing and possessory conservator for whom services are provided by the domestic relations office.
 (b) Fees authorized under this article shall be sent to the county treasurer or other officer performing the duties of the county treasurer for deposit in a special fund entitled the `domestic relations office fund.' This fund shall be administered by the domestic relations office and shall be used to provide services by the domestic relations office as provided in this article. County general funds may also be used to provide these services.
We must interpret a statute in a way which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.
Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968) (quoting Texas Highway Commission v. El Paso Bldg. Const. Trades Council, 234 S.W.2d 857 (Tex. 1950)). Indeed in this instance, the statute itself is not ambiguous. See Col-Tex Refining Co. v. Railroad Commission of Texas, 240 S.W.2d 747, 750
(Tex. 1951). No authority is conferred upon a commissioners court to limit the class of persons receiving services from a domestic relations office to persons whose income does not exceed a dollar figure to be determined by the commissioners court.
Nor do we accept the argument that a commissioners court possesses the inherent power to limit in such fashion the class of persons who may avail themselves of the services offered by a domestic relations office. A county has only those powers which are conferred either expressly or by necessary implication by the constitution and statutes of this state. Canales v. Laughlin,214 S.W.2d 451, 453 (Tex. 1948). Such authority has neither expressly nor by necessary implication been conferred upon commissioners courts. Accordingly, we answer your question in the negative.
In your second question, you ask whether the commissioners court may adopt a graduated application fee schedule based upon the income of those persons seeking the services. You refer us to such a scheme permitted county hospital districts by section 14 of article 4494n, V.T.C.S. For the same reasons discussed in answer to your first question, we answer your second question in the negative. The statute simply does not authorize the implementation of such a graduated fee schedule, and the conferring of such authority cannot be necessarily implied from those powers which are explicitly conferred.
 SUMMARY 1. A commissioners court is not authorized by article 5142a-1, V.T.C.S., to limit the class of persons who receive services offered by a Domestic Relations Office to persons whose income does not exceed a dollar figure determined by the commissioners court.
 2. A commissioners court is not authorized by article 5142a-1, V.T.C.S., to adopt a graduated fee schedule based on the income of persons seeking to utilize the services of a Domestic Relations Office.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General