Joey GONZALEZ, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 5431.

Court of Civil Appeals of Texas.

El Paso.

Nov. 9, 1960.

**862**

Hubert T. Faulk, El Paso, for appellant.

Sam R. Blackham, Asst. County Atty., El Paso, for appellee.

LANGDON, Chief Justice.

This is an appeal from a judgment of the El Paso County Court at Law, denying the application of appellant, Joey Gonzalez, for an order staying an Order of Suspension made by appellee, Texas Department of Public Safety, against appellant, under provisions of Article 6701h, Vernon's Annotated Texas Civil Statutes (Texas Safety Responsibility Law).

Trial of this cause was had to the court without the intervention of a jury, and is before us on stipulated facts.

The sole issue presented by the appeal is the question of the authority of appellee, Texas Department of Public Safety, under the provisions of the Texas Safety Responsibility Law (Art. 6701h), to order the suspension of a Texas resident's operator's license, and all registrations of motor vehicles owned by him, for the failure of such operator to satisfy a judgment for damages found against him, growing out of an automobile collision, and awarded in a suit instituted more than one year after the date of such accident.

The accident in question occurred November 16, 1956, in El Paso County, Texas, as result of a collision between an automobile owned and operated by appellant, Gonzalez, and another motor vehicle owned by Fort Bliss Taxi Company of El Paso. Damages sustained to the vehicle owned by the taxi company exceeded the sum of $100, and brought this automobile accident within the provisions of Article III, of the Safety Responsibility Law, requiring the operators and the owners of motor vehicles involved in accidents within this State to report the accident to the Department of Public Safety, and to furnish security for such damages unless evidence of insurance, release of liability, or other evidence of financial responsibility, satisfactory to the Department of Public Safety, is furnished.

On March 7, 1957, appellee entered an order suspending the operator's license of the appellant for the failure of such appellant to deposit with appellee security in the sum of $434 for the purpose of satisfying any judgment or judgments for damages, resulting from said accident, that might be obtained against appellant. Appellant appealed the March 7, 1957 order of suspension to the El Paso County Court at Law and, on May 20, 1957, mailed to appellee (Department of Public Safety) a cashier's check in the amount of $100 and an agreement under which appellant promised to pay to Midwestern Insurance Company, in installments, the sum of $334 (the taxi company having subrogated its rights against appellant to the insurance company). Appellee, Department of Public Safety, refused to accept appellant's tender of security, and returned both the cashier's check and the agreement to appellant. The El Paso County Court at Law was of the opinion that appellant had complied with the statute (Art. 6701h), with respect to the requirements of furnishing security; and, on May 21, 1957, entered judgment for appellant, staying and setting aside appellee's order of March 7, 1957 suspending appellant's operator's license.

On July 1, 1958, more than one year after the accident in question, suit was instituted by Ft. Bliss Taxi Company against appellant, for damages growing out of the accident. Judgment by default was had against appellant in the sum of $542.55, which judgment appellant failed or refused to pay.

Because of the failure of appellant to pay the judgment, recovered against him in a suit instituted more than one year after the date of the accident, Texas Department of Public Safety, appellee herein, entered its second Order of Suspension against appellant; this one dated May 7, 1959. Appellant again applied to the El Paso County Court at Law for an order from said Court staying appellee's second Order of Suspension against appellant. In its judgment, the trial court denied appellant's application for a stay order, thus upholding and sustaining appellee's Order of Suspension against appellant, dated May 7, 1959. It is from this judgment of the County Court at Law that this appeal is prosecuted.

We have been unable to find any prior decisions under the statute raising the precise question involved here. But, having carefully examined each section of the statute, we are of the opinion that the trial court's judgment refusing appellant's application for an order staying appellee's Order of Suspension was correct.

 It is undoubtedly true that the Department of Public Safety would be required to stay its own order of suspension after the expiration of one year following the date of the accident in question, when satisfactory evidence has been filed with such Department showing that, during such period, no action for damages arising out of the accident has been instituted; and this would be so, even though the operator or owner of the vehicle involved continued uninsured, and remained unable or unwilling to furnish security for damages that might thereafter be adjudged against him as the result of such accident. We also believe that, under the statute, after the expiration of one year following the date of the accident, during which period no action for damages arising out of the accident has been instituted, any person against whom an order of suspension has been directed by the Department of Public Safety would be entitled, upon proof of such fact, to have the suspension of his operator's license and his automobile registration papers lifted and the suspension terminated, even though the proof might show that immediately after the expiration of the one-year period, suit was instituted against such person for damages arising out of the accident.

 If suit is filed at any time during the period of one year immediately following the date of the accident, the order of suspension, imposed by the Department of Public Safety for the failure of an owner or operator to comply with the provisions of the statute requiring security, would remain in full force and effect, regardless of duration, until one or more of the conditions specified under Article III, section 7 of the Statute, have been complied with.

The conditions imposed by the Statute against the owners and operators of vehicles involved in accidents, regardless of the fault of the parties involved, are such as would tend to prompt opposing parties to settle their difficulties as soon after the accident as possible. Where both drivers are insured, or are otherwise shown to be financially responsible, no problem is presented. The problem arises only in those cases where one (or both) of the drivers involved is uninsured and is required to deposit security with the Department of Public Safety, sufficient to satisfy any judgment that might be adjudged against such party. Where adequate security has been deposited with the Department by an uninsured party, or one who might otherwise be judgment-proof, it is indisputable that a real incentive exists for the party not at fault to institute suit for the recovery of his damages, before the expiration of one year immediately following the accident; since, in the event a judgment is recovered, execution might then be had against the funds or security on deposit with the Department.

 The purpose and intent of the Legislature in enacting the Texas Safety Responsibility Law was to promote safe driving practices among all owners and oper-

# 864

ators of motor vehicles using the highways of this State, and to require such owners and operators to discharge their financial responsibility to others for damage to persons or property occasioned by the exercise, by such owner or operator, of the privilege or license of using the public highways of this State.

The Statute of Limitation, Article 5526, V.A.T.C.S., imposes a two-year limitation on personal actions, including automobile collision cases, such as the collision that gave rise to this controversy. There is nothing contained in the language of the Texas Safety Responsibility Law to indicate that it was the intention of the Legislature to repeal the general application of Article 5526, or to change the limitation period in automobile cases to provide that suit must be instituted within one year, rather than within two years, immediately following the event that gave rise to the cause of action.

The suit for damages in the case before us, having been instituted more than one year, but less than two years, immediately following the accident in question, and no appeal having been taken from such judgment, it became final. Upon failure of defendant therein (appellant here), to discharge such judgment, secure the consent of the court to pay such judgment in installments, or otherwise secure the release of same, it was incumbent upon appellee, Texas Department of Public Safety, in the discharge of its duty (under the provisions of Article IV of the Statute), upon receipt of a certified copy of said judgment, to order the suspension of such judgment creditor's operator's license and cancellation of his automobile registration papers.

Until such time as the judgment is satisfied, released, or arrangements made for its payment in installments in a manner approved by the court, no grounds exist under the statute which would authorize the trial court to stay appellee's May 7, 1959 Order of Suspension.

Appellant also contends that the trial court's judgment of May 21, 1957, under which appellee's first Order of Suspension was set aside, is res judicata, and that appellee is precluded from asserting and enforcing its second Order of Suspension, even though such second Order is based on appellant's failure to discharge a judgment recovered in a suit instituted after the first Suspension Order had been dissolved. .Having considered such contention, we have concluded that it is without merit, and same is accordingly overruled.

Finding no error, the judgment of the trial court is affirmed.