Honorable Wilson E. Speir Texas Department of Public Safety 5805 N. Lamar-Box 4087 Austin, Texas 78773
Re: Authority of the Department of Public Safety to suspend a driver's license for failure to pay a judgment arising out of a motor vehicle accident.
Dear Col. Speir:
You inquire about certain provisions of the Safety Responsibility Act, article 6701h, V.T.C.S., which the Department of Public Safety administers. The Act seeks to promote safe driving and to deny the privilege of driving to financially irresponsible persons. Gillaspie v. Department of Public Safety, 259 S.W.2d 177
(Tex. 1953). It requires the deposit of security after accidents under the penalty of suspension of the driver's license and registration certificate. A person who fails to pay a judgment arising out of his use of a motor vehicle risks license suspension under the following provisions:
 `Judgment' — Any judgment which shall have become final . . . upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, for damages, including damages for care and loss of services, because of bodily injury to or death of any person, or for damages because of injury to or destruction of property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages.
V.T.C.S. art. 6701h, § 1(2).
 Whenever any person fails within sixty (60) days to satisfy any judgment, upon the written request of the judgment creditor or his attorney it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this State, to forward to the Department immediately after the expiration of said sixty (60) days, a certified copy of such judgment.
Id. § 12(a).
 Upon the receipt of a certified copy of a judgment, the Department shall forthwith suspend the license and all registrations and any nonresident's operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this Section and in Section 16 of this Act.
Id. § 13(a).
You state that the Department has always construed the Safety Responsibility Act to apply only to accidents on highways. You ask whether the Department must take the action outlined in section 13(a) when it receives a judgment for damage to a motor vehicle where there is no indication that the damage arose out of an accident on the highways of Texas. We note that `highways,' as defined by the Act, includes any streets and thoroughfares `not privately owned or controlled . . . over which the State has legislative jurisdiction under its police power.' V.T.C.S. art. 6701h, § 1(1).
The construction of a statute by the agency responsible for enforcing it is entitled to great weight. Neubert v. Chicago, R.I. G. Ry. Co., 296 S.W. 1090 (Tex. 1927). We believe your construction is consistent with the purpose of the Act as stated in the caption and emergency clause. The caption reads in part:
An Act to encourage safer use of motor vehicles on the streets and highways of Texas. . . .
Acts 1951, 52nd Leg., ch. 498 at 1210. (Emphasis added). The emergency clause provides in part:
 The fact that thousands of motor vehicles are being operated on the highways of Texas by financially irresponsible owners and drivers who are causing untold loss of life and property and who are failing to pay for the damages thus caused . . . .
Id. § 45 at 1227. (Emphasis added). The supreme court has described these provisions as declarative of the Act's purpose. See Gillaspie v. Department of Public Safety, supra at 180. Although the courts have not squarely faced the issue of whether the Act applies only to accidents occurring on the highways, they have assumed it to be so limited. One court discussed the Act as follows:
 The purpose and intent of the Legislature in enacting the Texas Safety Responsibility Law was to . . . require such owners and operators [of motor vehicles] to discharge their financial responsibility to others for damage to persons or property occasioned by the exercise . . . of the privilege or license of using the public highways of the State.
(Emphasis added). Gonzalez v. Texas Department of Public Safety,340 S.W.2d 860, 863-64 (Tex.Civ.App.-El Paso 1960, no writ). See also Home Indemnity Co. v. Humble Oil Refining Co.,314 S.W.2d 861 (Tex.Civ.App.-Dallas), writ ref'd n.r.e., 317 S.W.2d 515
(Tex. 1958).
A prior opinion of this office dealt with the accident report requirement of the Safety Responsibility Act, and determined that it applied only to accidents on highways. Attorney General Opinion V-1440 (1952). The opinion stated as follows:
 [I]n view of the general purpose and scheme of the act, it is reasonable to assume that the Legislature intended to require a report and to make applicable the resultant suspension of the privileges only if the accident occurred on a `highway' as that term is defined therein.
Id. at 4. The reasoning of V-1440 is consistent with judicial statements about the Act and in our opinion it applies to the suspension of a license for failure to pay a judgment. It is therefore our opinion that the judgment for which the Department is to suspend a license under section 13(a) must arise out of a motor vehicle accident on the highways as defined in section 1(1).
 SUMMARY
The provision of the Safety Responsibility Act for suspending the driver's license of a person failing to pay a judgment does not apply unless the judgment arises out of a motor vehicle accident on the highways as they are defined in the Act.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee