

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 24, 1977

Honorable Wilson E. Speir
Texas Department of Public Safety
5805 N. Lamar - Box 4087
Austin, Texas 78773

Opinion No. H- 999

Re:  Authority of the Department
of Public Safety to suspend a
driver's license for failure to
pay a judgment arising out of a
motor vehicle accident.

Dear Col. Speir:

You inquire about certain provisions of the Safety
Responsibility Act, article 6701h, V.T.C.S., which the
Department of Public Safety administers.  The Act seeks to
promote safe driving and to deny the privilege of driving to
financially irresponsible persons.  Gillaspie v. Department
of Public Safety, 259 S.W.2d 177 (Tex. 1953).  It requires
the deposit of security after accidents under the penalty of
suspension of the driver's license and registration certifi-
cate.  A person who fails to pay a judgment arising out of his
use of a motor vehicle risks license suspension under the
following provisions:

>    "Judgment"--Any judgment which shall
> have become final . . . upon a cause of
> action arising out of the ownership, main-
> tenance or use of any motor vehicle, for
> damages, including damages for care and
> loss of services, because of bodily in-
> jury to or death of any person, or for
> damages because of injury to or destruc-
> tion of property, including the loss of
> use thereof, or upon a cause of action on
> an agreement of settlement for such damages.

V.T.C.S. art. 6701h, § 1(2).

>    Whenever any person fails within sixty
> (60) days to satisfy any judgment, upon
> the written request of the judgment cred-
> itor or his attorney it shall be the duty

> of the clerk of the court, or of the
> judge of a court which has no clerk, in
> which any such judgment is rendered with-
> in this State, to forward to the Depart-
> ment immediately after the expiration of
> said sixty (60) days, a certified copy
> of such judgment.

Id. § 12(a).

> Upon the receipt of a certified copy
> of a judgment, the Department shall forth-
> with suspend the license and all regis-
> trations and any nonresident's operating
> privilege of any person against whom such
> judgment was rendered, except as herein-
> after otherwise provided in this Section
> and in Section 16 of this Act.

Id. § 13(a).

You state that the Department has always construed the Safety Responsibility Act to apply only to accidents on highways. You ask whether the Department must take the action outlined in section 13(a) when it receives a judgment for damage to a motor vehicle where there is no indication that the damage arose out of an accident on the highways of Texas. We note that "highways," as defined by the Act, includes any streets and thoroughfares "not privately owned or controlled . . . over which the State has legislative jurisdiction under its police power." V.T.C.S. art. 6701h, § 1(1).

The construction of a statute by the agency responsible for enforcing it is entitled to great weight. Neubert v. Chicago, R.I. & G. Ry. Co., 296 S.W. 1090 (Tex. 1927). We believe your construction is consistent with the purpose of the Act as stated in the caption and emergency clause. The caption reads in part:

> An Act to encourage safer use of motor
> vehicles on the streets and highways
> of Texas. . . .

Acts 1951, 52nd Leg., ch. 498 at 1210.   (Emphasis added).   The emergency clause provides in part:

> The fact that thousands of motor vehicles
> are being operated on the highways of
> Texas by financially irresponsible owners
> and drivers who are causing untold loss of
> life and property and who are failing to
> pay for the damages thus caused . . . .

Id. § 45 at 1227.  (Emphasis added).  The supreme court has described these provisions as declarative of the Act's purpose.  See Gillaspie v. Department of Public Safety, supra at 180.  Although the courts have not squarely faced the issue of whether the Act applies only to accidents occurring on the highways, they have assumed it to be so limited.  One court discussed the Act as follows:

> The purpose and intent of the Legis-
> lature in enacting the Texas Safety
> Responsibility Law was to . . . re-
> quire such owners and operators [of
> motor vehicles] to discharge their
> financial responsibility to others
> for damage to persons or property
> occasioned by the exercise . . . of
> the privilege or license of using the
> public highways of the State.

(Emphasis added).  Gonzalez v. Texas Department of Public Safety, 340 S.W.2d 860, 863-64 (Tex. Civ. App. -- El Paso 1960, no writ).  See also Home Indemnity Co. v. Humble Oil & Refining Co., 314 S.W.2d 861 (Tex. Civ. App. -- Dallas), writ ref'd n.r.e., 317 S.W.2d 515 (Tex. 1958).

A prior opinion of this office dealt with the accident report requirement of the Safety Responsibility Act, and determined that it applied only to accidents on highways.  Attorney General Opinion V-1440 (1952).  The opinion stated as follows:

> [I]n view of the general purpose and
> scheme of the act, it is reasonable
> to assume that the Legislature in-
> tended to require a report and to make
> applicable the resultant suspension of
> the privileges only if the accident
> occurred on a "highway" as that term
> is defined therein.

Id. at 4. The reasoning of V-1440 is consistent with judicial statements about the Act and in our opinion it applies to the suspension of a license for failure to pay a judgment. It is therefore our opinion that the judgment for which the Department is to suspend a license under section 13(a) must arise out of a motor vehicle accident on the highways as defined in section 1(1).

## S U M M A R Y

The provision of the Safety Responsibility Act for suspending the driver's license of a person failing to pay a judgment does not apply unless the judgment arises out of a motor vehicle accident on the highways as they are defined in the Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml