

# THE ATTORNEY GENERAL
## OF TEXAS

March 24, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable John Owens
Henderson County Attorney
County Attorney's Office
Athens, Texas 75751

Opinion No. JM-654

Re: Validity of a conveyance of real property by the Athens Municipal Water Authority

Dear Mr. Owens:

The Athens Municipal Water Authority is a conservation and reclamation district created in 1957 pursuant to article XVI, section 59, of the Texas Constitution. Acts 1961, 57th Leg., ch. 157, at 286-88; Acts 1957, 55th Leg., ch. 142, at 311-19 (codified as article 8280-196, V.T.C.S., which has neither been repealed nor carried into the Water Code). You provide us with the following information regarding the authority:

> The Athens Municipal Water Authority owns Lake Athens, a 1,500 acre lake, created for the purpose of supplying water to the city of Athens. The Athens Municipal Water Authority owns in fee simple all land surrounding Athens lake up to the 448 ft. mean sea level line. The 448 mean sea level line represents an elevation of a 'hundred year' flood level. The actual water line with respect to Lake Athens is 440 ft. mean sea level.

> On or about May 2, 1985, it was brought to the attention of the Athens Municipal Water Authority Board that [property owners] had constructed their residence on a lot abutting the water authority's property, and so situated their house as to cross the 448 msl line, thereby encroaching upon water authority property. The total encroachment by the [property owner] amounts to 592.43 sq. ft. The results of an on the ground survey made by a registered public surveyor are attached to this brief as Exhibit 'A,' and incorporated herein by reference. Despite the fact that the total encroachment amounts to 592.42 sq. ft., the [property owner] exceeded the 448 msl by only 8 inches with respect to elevation.

You inform us that there are now several other property owners who have erected structures that encroach upon the property of the authority. Accordingly, you ask three questions regarding the authority of the water authority to convey to the property owners those parcels of the authority's real property upon which the property owners constructed their homes.

You first ask whether the water district has authority to convey outright to the property owners the subject parcels. You suggest that section 54.214 of the Water Code empowers the authority to convey any property deemed surplus by the authority's governing board. We disagree, because the Athens Municipal Water Authority is not governed by chapter 54 of the Water Code. Chapter 54, enacted in 1971, governs municipal utility districts created under that chapter; the act creating the Athens Municipal Water Authority, on the other hand, specifically provides that the authority has those powers conferred by

> the aforesaid constitutional provision [article XVI, section 59, of the Texas Constitution] <u>as</u> <u>well as those conferred by the General Laws of</u> <u>the State relating to water control and improve-</u> <u>ment districts wherein not in conflict with the</u> <u>provisions of this act</u>. (Emphasis added).

Acts 1957, 55th Leg., ch. 142, §1, at 311; <u>see also</u> Water Code §50.051. Accordingly, we must turn to chapter 51 of the Water Code, which governs water control and improvement districts, and chapter 50, which sets forth provisions generally applicable to general law districts; as well as to the statutes creating the authority.

The act creating the authority empowers it to do the following:

> Sec. 4. The Authority is hereby empowered (a) to develop, construct or purchase dams, reservoirs, underground and other sources of water. The Authority is empowered to construct or purchase all works, plants, and other facilities necessary or useful for the purpose of providing a source of water supply and storing, processing such water and transporting and distributing it for municipal, domestic and industrial purposes. The Authority shall at all times have power to develop or purchase additional underground or other sources of water and to improve, enlarge and extend its water system. The Authority is also authorized to make contracts for the purchase of water; (b) in order to preserve and protect the purity of the waters of the state and of the Authority and conserve and reclaim said waters for beneficial use by the inhabitants of the Authority

> to provide all plants, works, facilities and appliances incident to or helpful or necessary to the collection, transportation, processing, disposal and control of all domestic, industrial or communal wastes, whether of fluids, solids or composites.

Acts 1957, 55th Leg., ch. 142, §4, at 313. The act further empowers the authority to acquire property:

> Sec. 5. For the purpose of carrying out any power or authority conferred by this Act the Authority shall have the right to acquire land and easements, by condemnation in the manner provided by Title 52, Revised Civil Statutes, as amended, relating to eminent domain. The amount of and character of interest in land and easements thus to be acquired shall be determined by the Board of Directors. In the event that the Authority, in the exercise of the power of eminent domain or power of relocation, or any other power granted hereunder, makes necessary the relocation, raising, rerouting or changing the grade of, or altering the construction of any highway, railroad, electric transmission line or pipeline or telephone or telegraph properties and facilities, all such necessary relocation, raising, rerouting, changing of grade or alteration of construction shall be accomplished at the sole expense of the Authority.

Acts 1957, 55th Leg., ch. 142, §5, at 313-14. Neither the act creating the Authority nor the subsequent 1961 amendatory act empower it to convey real property, but section 51.191 of the Water Code does.

Section 51.191 of the Water Code provides that

> [t]he board may sell at a public or private sale any property or land owned by the district which is not required to carry out the plans of the district.

The "plans" to which section 51.191 of the Water Code refers are the "plans" for the operations of the district and for construction of improvements that the governing board may adopt pursuant to sections 51.122 and 51.124 of the Water Code.

We are required to interpret section 51.191 of the Water Code in a way which

expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968).

The language [of the statute] appears to us to be plain and unambiguous and its meaning clear and obvious. We can only enforce the statute as written and have no right to create or to find an ambiguity where none exists in order to call into play generally recognized rules which are used as aids to the construction of ambiguous statutes.

Col-Tex Refining Co. v. Railroad Commission of Texas, 240 S.W.2d 747, 750 (Tex. 1951). Section 51.191 of the Water Code clearly confers to the authority the power to sell, either by public or by private sale, any property or land owned by the district that is not required to carry out the plans of the district. The question as to whether any given parcel is required to carry out any plan adopted by the board is a matter of fact, the determination of which is inappropriate in the opinion process.

With your second question, you ask about the effect of permitting a property owner to raise the current elevation on his property so that the 448 foot sea level line is then shifted sufficiently lakeward to fall outside the boundary of his property. You inform us that real property located at or below the 448 foot mean sea level line falls within the 100-year flood plain. You further inform us that the boundaries of the land that the district owns surrounding the lake is determined, not by reference to the elevation from mean sea level, but by reference to the more conventional legal description/metes and bounds method. If the property owner did in fact raise the elevation of the subject parcel, such an event would have no effect upon the ownership of the property; title would still remain with the district.

We understand you then to ask whether section 51.191 of the Water Code empowers the authority to convey property that does not fall within the 100-year flood plain. Again, the issue as to whether any given parcel of real property may properly be required by the district to carry out its plans is a matter of fact, the determination of which is inappropriate in the opinion process. We cannot say as a matter of law whether, in this particular situation, parcels of land that are owned by the district and that do not fall within the 100-year flood plain, are required by the authority to carry out plans adopted by the board. We only note that the Water Code in section 51.191 confers power to the authority's board to convey property that is not required

for the carrying out of the board's plans. You do not ask and accordingly we do not address any issues regarding potential liability for construction in flood hazard areas nor any possible effect of the National Flood Insurance Act of 1968. 42 U.S.C. §§4001 through 4128 (1982). We discuss only the powers conferred by Texas statutes to the authority's governing board.

With your third question, you ask whether the district may enter into a long-term lease of the property at issue with the affected property owners. Section 51.182 of the Water Code sets forth the following:

> (a)  A district may lease to any person, firm, or corporation which is a bona fide water customer of the district any of its river pump stations, conveyance canals, off-channel reservoirs, reservoir pump stations, water mains, water treatment plants, or other facilities used in connection with them. The lease may include any of the district's land which is appropriate to the utilization of the leased facilities, including but not limited to land acquired by eminent domain.

> (b)  The board and the lessee shall agree on the form of the lease and its terms, conditions, provisions, and stipulations; however, the duration of the lease shall not be longer than the duration of the water contract between the district and the lessee under the primary term of the water contract and any renewal or extension of it.

> (c)  After a lease to a water customer is authorized by the board, the lease shall be executed by the president or vice president of the board and attested by the secretary. The lease is valid and effective without any other requirement or prerequisite by the district. (Emphasis added).

It is clear from an even cursory reading of section 51.182 of the Water Code that the term "facilities" described in subsection (a) does not refer to the sorts of small parcels of real property that are the subject matters of this request. It is clear that the authority may lease only the land that is "appropriate to the utilization of leased facilities." On the basis of the information that you have submitted to us, we conclude that section 151.182 of the Water Code does not empower the authority to lease the small parcels of real property to the affected property owners.

Accordingly, we conclude that section 51.191 of the Water Code empowers the Athens Municipal Water Authority to sell at a public or private sale any property or land owned by the authority that is not required for the carrying out of the plans of the district. Whether the parcels of real property at issue are so required is a matter of fact, the resolution of which would be inappropriate in the opinion process. We further conclude, on the basis of the information submitted to us, that section 51.182 of the Water Code does not empower the authority to lease to the affected property owners the parcels of real property that are the subject of this request.

### S U M M A R Y

Section 51.191 of the Water Code empowers the Athens Municipal Water Authority to sell at a public or private sale any property or land owned by the authority that is not required for the carrying out of the plans of the district. Whether the parcels of real property that are the subject matter of this request are so required is a matter of fact whose resolution in the opinion process would be inappropriate. Under the facts presented, section 51.182 of the Water Code does not empower the authority to lease to the affected property owners the parcels of real property owned by the authority upon which the property owners constructed improvements.

Very truly yours

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General