United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 18, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————

No.  03-10337

———————————

RESTAURANT ASSOCIATES, INC.,

Plaintiff-Appellee,

versus

BOARD OF ADJUSTMENT, Of the City of Fort Worth, Texas; CITY OF
FORT WORTH, TEXAS,

Defendants-Appellants.

———————————————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
(4:02-CV-328-Y)

———————————————————————————————————————

Before SMITH, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Two issues are presented in this appeal by the City of Fort
Worth, Texas, and its Board of Adjustment from the summary judgment
awarded Restaurant Associates:  whether the Board's denial of a
certificate to Associates to operate a sexually oriented business
(SOB) was an abuse of discretion; and whether the ordinance
requiring the certificate is an unconstitutional prior restraint.
**VACATED and RENDERED**.

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In late 2001, Associates applied to the City's Department of Development for the requisite SOB certificate for 2300 Cobb Street. It was denied because the Department's Director concluded that, in violation of section 5.200.B.2.a of the Fort Worth Zoning Code, the location was within 1000 feet of a "religious institution":  the Love Memorial Church of God in Christ, which meets in a chapel inside the multi-purpose wing of the Salvation Army building at 1855 East Lancaster.

Associates appealed the certificate-denial to the Board, which upheld the Director's decision.  Next, in state court, Associates claimed the Board's decision was illegal.  *See* TEX. LOC. GOV'T CODE ANN. § 211.011.  The action was removed to federal court, based on federal question jurisdiction over Associates' prior restraint claim.

On cross motions for summary judgment, the district court granted judgment for Associates, holding the Board had abused its discretion in denying the certificate because it acted arbitrarily and unreasonably in concluding that the Church is a religious institution pursuant to the ordinance.  Accordingly, it was not necessary for the district court to reach Associates' prior restraint claim.

II.

A summary judgment is reviewed *de novo,* applying the same standard of review as the district court. *E.g., **Daniels v. City of Arlington***, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951 (2001). Such judgment is proper if movant demonstrates there is no genuine issue of material fact and is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *e.g., **Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986); ***Crawford v. Formosa Plastics Corp.***, 234 F.3d 899, 902 (5th Cir. 2000).

Two issues are presented: whether the certificate-denial violated Texas law; and whether the ordinance requiring the certificate is an unconstitutional prior restraint. There are no material fact issues; therefore, our review is limited to whether either side is entitled to judgment as a matter of law. Restated, the two issues are questions of law; and the record is sufficient to address each.

A.

Because the state law claim (certificate-denial) is in federal court through supplemental jurisdiction, 28 U.S.C. § 1367, Texas law controls; in this instance, it also provides the standard of review for the certificate-denial. (Because it was inadequately briefed, we do not address Associates' contention that the "legislative model" is inapplicable because this action was removed

3

to federal court.)  Pursuant to Texas law, the standard of review is quite narrow indeed:

> The Board is a quasi-judicial body, and the [state] district court sits only as a court of review by writ of certiorari. TEX. LOC. GOV'T CODE ANN. § 211.011(c).  The only issue for determination in a writ of certiorari proceeding is the legality of the Board's order.  A legal presumption exists in favor of the Board's order, and the party attacking it has the burden of establishing its illegality.
>
> *To establish that an adjustment board's order is illegal, the contesting party must make a very clear showing that the board abused its discretion, i.e., acted arbitrarily and unreasonably, without reference to any guiding rules or principles.*  The [state] district court cannot put itself in the adjustment board's position or substitute its discretion for that of the board.

*SWZ, Inc. v. Bd. of Adjusment of the City of Fort Worth*, 985 S.W.2d 268, 269-70 (Tex. App.—Fort Worth 1999 pet. denied) (emphasis added; some citations omitted).

Citing *Bd. of Adjustment v. Underwood*, 332 S.W.2d 583 (Tex. Civ. App.—San Antonio 1960, writ ref'd n.r.e.), Associates also disputes applying the abuse of discretion standard of review (which, as noted, the district court utilized), contending that we may be less deferential to the Board because the question is one of ordinance interpretation.  *Underwood* held:  a court is not bound by the Board's legal construction of an ordinance; on the other hand, the abuse of discretion standard applies when reviewing the Board's application of an ordinance to facts.  *Id*. at 585.  Here, the

4

certificate-denial was the application of the ordinance to the facts; accordingly, we review only for abuse of discretion.

It is undisputed that the Church is within 1000 feet of the proposed SOB; therefore, if the Church is a "religious institution", the proposed SOB is prohibited by the ordinance. A religious institution is defined as "a *building* [discussed *infra*] in which persons regularly assemble for religious worship and activities intended primarily for purposes connected with such worship or for propagating a particular form of religious belief". FORT WORTH TEX., ZONING ORDINANCES, app. A, Ch. 9, § 9.101 (emphasis added).

Concerning the Church's worship services and related activities, the following undisputed facts were before the Board: the Salvation Army has allowed the Church to use its chapel since 1995; the Church, led by an ordained Church of God in Christ minister, is a Christian denomination with its own distinct doctrines and history; services are held at the Church twice a week (Friday night and Sunday morning); the pastor conducts a Bible study at the Church on Wednesday night and has performed marriages and memorial services on occasion; the pastor distributes business cards with the Church's worship schedule in hopes people will attend; and worship bulletins are prepared for the services held at the Church. In sum, the Church's worship services and related

activities are those typically associated with a religious institution.

According to Associates, however, the Church is *not* a religious institution because it is not a "building" as required by the ordinance. A "building" is defined as a "structure having a roof supported by columns or walls for the housing or enclosure of persons, animals or chattels". FORT WORTH TEX., ZONING ORDINANCES, app. A, Ch. 9, § 9.101. The Board asserts that, for the certificate-denial, it did not consider the entire Salvation Army building as a "religious institution"; rather, it considered the building's multi-purpose wing, which contains only the chapel and a gymnasium. (The district court held the Board abused its discretion because the Salvation Army facility is only one building and the Church is inside that facility and not itself a building.)

In the light of the narrow abuse of discretion standard of review, we must review the Board's decision based on the reasons it gave for certificate-denial. Therefore, our inquiry is limited to whether the Board abused its discretion in finding the multi-purpose wing is a building, satisfying that element for a religious institution.

With respect to the multi-purpose wing, the summary judgment record shows: the Director of the Department of Development testified that it meets the ordinance's definition of a building because it is a structure with a roof supported by walls; the

6

chapel used by the Church is located within that part of the Salvation Army building; that part also houses a gymnasium, which is used for religious purposes; the architectural plans for that part are on a separate page from the rest of the building and are labeled "multi-purpose building"; that part is separated from the rest of the building by an enclosed breezeway with a roof; a cross design adorns the brick wall outside where the chapel is located, but nowhere else on the Salvation Army building; within the chapel are pews, crosses, and a lectern designed for worship; the primary purpose of the Salvation Army building is as a homeless shelter; less than three percent of the Salvation Army facility is devoted to the chapel; there are no signs inside or outside the Salvation Army building indicating that religious services are available; the Salvation Army does not denominate the building as one where the public may attend religious services; the Salvation Army receives emergency shelter grant funding from the federal government, and its regulations restrict the funds' use in connection with worship services; and the Salvation Army building has only one address and one certificate of occupancy.

In sum, the summary judgment evidence arguably conflicts on whether, under the ordinance's definition, the multi-purpose wing is a "building". As discussed *supra*, however, given the applicable abuse of discretion standard of review, we must defer to the Board's decision unless it was arbitrary or unreasonable. *See **SWZ**,*

7

985 S.W.2d at 270; *Southwest Paper Stock, Inc. v. Zoning Bd. of Adjustment of the City of Fort Worth*, 980 S.W.2d 802, 805 (Tex. App.—Fort Worth 1998, pet. denied). Indeed, under this narrow standard, we must defer to the decision even if the overwhelming preponderance of the evidence is against it. *Southwest Paper*, 980 S.W.2d at 805. In this regard, the Board does not abuse its discretion by basing its decision on conflicting evidence, as long as some evidence of substantive and probative character exists to support the decision. *Id*. at 805-06.

The Board's decision that the multi-purpose wing is a building pursuant to the ordinance is supported by the requisite evidence. For example, as discussed, the architectural drawings label that part a "multi-purpose building"; the multi-purpose wing is separated from the rest of the Salvation Army building by a breezeway; crosses adorn the outside of the multi-purpose building, but not the Salvation Army building as a whole; and the Development Director testified that the multi-purpose wing meets the ordinance's definition of a building.

Accordingly, the Board did not abuse its discretion in concluding that the multi-purpose wing is a building. This is consistent with Texas law. In *SWZ*, the Texas Court of Appeals upheld the Board's decision that a hall used for religious activities and prayer meetings, which was a portion of a church complex, qualified as a church under a predecessor Fort Worth

8

zoning ordinance.  **SWZ**, 985 S.W.2d at 271.  The Court of Appeals noted:  "[T]he mere fact that the hall and the sanctuary are not physically connected or part of the same structure is irrelevant to our inquiry — as long as the hall meets the city's definition of a 'church'".  **Id**.  Likewise, the Board's decision that the Church is a religious institution is not an abuse of discretion merely because the multi-purpose wing *is* connected to the rest of the Salvation Army building.

**Hooters, Inc. v. City of Texarkana, Texas**, 897 F. Supp. 946 (E.D. Tex. 1995), is not to the contrary.  There, in granting plaintiffs a preliminary injunction, the district court construed the same predecessor ordinance and held that a prison room being used for religious activities did not qualify as a church because it was not a building.  Critical to that decision was that the room used for religious activities shifted regularly and thus, the court would have to find either that the "building" moved or that the entire prison was a church.  **Id**. at 952.

### B.

The other issue is Associates' claim that the ordinance is an unconstitutional prior restraint on freedom of speech, violative of the First, through the Fourteenth, Amendment.  As noted, because the district court held the Board had abused its discretion, it did not need to reach this constitutional issue.  As discussed *supra*, we can decide it without further development of the record.

Ordinances regulating speech and contingent on the discretion of an official are burdens on speech classified as prior restraints. *E.g.,* **Chiu v. Plano Ind. Sch. Dist.**, 339 F.3d 273, 280 (5th Cir. 2003) (citing **Staub v. City of Baxley**, 355 U.S. 313 (1958)). A prior restraint is not unconstitutional *per se*; it will be upheld if it has narrow, objective, and definite standards to guide the licensing authority. *Id*. at 281 (citing **Southeastern Promotions, Ltd. v. Conrad**, 420 U.S. 546, 558 (1975)). A delegation scheme, as at issue here, is permissible if its standards are "susceptible of objective measurement". **Keyishian v. Bd. of Regents**, 385 U.S. 589, 604 (1967).

Associates maintains, erroneously, that the Director's application of the term "building" to "a one room (chapel) in a large facility" demonstrates unbridled discretion. As discussed, the ordinance includes three components for a "religious institution": (1) a building; (2) in which persons regularly assemble; (3) for religious worship and related activities. These standards are objective and the Director's discretion is *not* unbridled. Further, the definition of "building" as a "structure having a roof supported by columns or walls, for the housing or enclosure of persons, animals, or chattel" contains definitive, intelligible standards for the Director to follow. The standards sufficiently limit the Director's discretion.

Our court has upheld similar ordinances against prior restraint challenges. *E.g.,* **FW/PBS, Inc. v. City of Dallas**, 837 F.2d 1298 (5th Cir. 1988) (upholding ordinance prohibiting license for SOB if within 1000 feet of church because ordinance standards were capable of objective measurement), *rev'd on other grounds,* 493 U.S. 215 (1990). **SDJ**, **Inc. v. City of Houston**, 837 F.2d 1268, 1277 (5th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989), upheld an ordinance which provided that a permit to operate a SOB would issue unless one of eight specific exceptions existed. One exception was that "[t]he applicant's enterprise is located within 750 feet of any school, church, or licensed day care center". **Id**. at 1277 n.28. Associates' contention that **SDJ** is inapplicable because plaintiffs there brought a facial, rather than an as applied, challenge is unavailing.

In sum, the standards for issuing a certificate are capable of objective measurement, and the Director's application of the ordinance here falls squarely within its objective criteria. There is no unconstitutional prior restraint.

## III.

For the foregoing reasons, the judgment is **VACATED** and judgment is **RENDERED** for the Board and City.

*VACATED and RENDERED*